NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY R. SHANUS, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:11-cv-2839 (DMC)(MF) |
| ROBERT EDWARD AUCTIONS, LLC and ROBERT LIFSON, | |
| Defendants. | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

This matter comes before the Court upon Motion of Plaintiff Corey R. Shanus ("Shanus" or "Plaintiff") to Dismiss the counterclaims asserted by Defendants Robert Edward Auctions, LLC ("REA") and Robert Lifson ("Lifson") (collectively "Defendants") in their Answer to the Amended Complaint dated April 30, 2012 pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 44). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that the Plaintiff's Motion to Dismiss is **granted.**

1

I.    **BACKGROUND**[1]

Plaintiff commenced this action by way of Complaint filed on April 4, 2011 in the

Southern District of New York.  The Complaint named as Defendants REA, a New Jersey

limited liability company, which is described on information and belief, as an "...auction house

specializing in the online advertising, auctioning and sale of sports memorabilia..." with its

principal place of business located at 90 Gallowae, Watchung, New Jersey, and Lifson, described

as the "...Owner and Managing Member of REA...."  The parties stipulated to transfer of venue to

this Court on May 19, 2011.  Plaintiff filed an Amended Complaint on June 8, 2011. (ECF No.

16).  The Amended Complaint alleges a deliberate scheme by Defendants to conceal knowledge

from Plaintiff that items Defendants obtained from an individual and held for auction were

counterfeit.  In an Opinion dated March 26, 2012, the Court denied the Defendants' Motion to

Dismiss the Amended Complaint in its entirety. (ECF No. 33).

On April 30, 2012, Defendants answered the Amended Complaint and asserted two

counterclaims. (ECF No. 35).  The first counterclaim ("Count I") dates back to 2004, at which

time it is alleged that Plaintiff participated in a "shill bidding"[2] scheme that was not successful,

resulting in Plaintiff purchasing the items in question at an inflated price.  Defendants claimed

that the Plaintiff's conduct constitutes tortious interference with both contractual relations and

---

[1]The facts in this Background section have been taken from the parties' submissions.  On this Motion to Dismiss, the Court will accept all factual allegations in the counterclaims as true. (Apr. 30, 2012, ECF No. 35).

[2]According to the Defendant's Answer to Amended Complaint (ECF No. 35), "shill bidding" is an arrangement where a person(s) acts as a "front" or "shill" for the consignors of materials and, from time to time, submit bids on materials for the purpose of encouraging other bidders to bid and/or to induce other bidders to make higher bids, by artificially driving up the price level.

-2-

tortious interference with prospective economic advantage.

The second counterclaim ("Count II") relates to an online commentary posted by Plaintiff in May 2010, in which he opined about the risks of selling nineteenth century sports memorabilia without creating high reserves for such material.  In the context of that opinion, Plaintiff referenced two items sold by REA, which Plaintiff asserted "did abysmally."  Defendants claim that this online post by Plaintiff improperly impugned Defendants reputation in the sports memorabilia industry, and thus sets forth an actionable claim for trade libel.

On June 19, 2012, Plaintiff filed the instant Motion to Dismiss and Supporting Brief ("Pl. Mot. Br."). (ECF No. 44).  On July 16, 2012, Defendants filed a Brief in Opposition ("Def. Opp. Br."). (ECF No. 47).  Plaintiff filed a Reply ("Pl. Rep. Br.") on August 6, 2012. (ECF No. 53). The matter is now before this Court.


## II.    LEGAL STANDARDS

### FED. R. CIV. P. 12(b)(6)

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1950 (2009).  Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."  Bell Atl. Corp., 550 U.S. at 555.

## III.   DISCUSSION

Defendants assert two claims under common law principles. Count I claims that Plaintiff's alleged "shill bidding" constitutes tortious interference with REA's contractual relations and prospective economic advantages. Count II claims that Plaintiff's posts on the website Net54baseball.com constituted trade libel. As shown below, Defendants' counterclaims failed to be brought within the appropriate statute of limitations periods, and as such are time barred and dismissed.

The Court's jurisdiction in this matter is predicated on diversity of the parties. In such a case, the Court "must determine whether, under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 (1938), a matter is substantive or procedural." Chin v. Chrysler LLC, 538 F.3d 272, 278 (3d Cir. 2008) (citing Simmons v. City of Phila., 947 F.2d 1042, 1085 (3d Cir. 1991). Where the matter is substantive, a choice of law question is presented, and a choice of law analysis is required to determine which state's substantive law should apply.  Id.  As Plaintiff's Motion raises a statute of limitations defense, that matter is considered substantive for Erie purposes, and the Court must conduct a choice of law analysis. See Dixon Ticonderoga Co. v. Estate of O'Connor, 248 F.3d 151, 160-61 (3d Cir. 2001) ("Statutes of limitations are substantive for Erie purposes.") (citing Guaranty Trust Co. v. York, 326 U.S. 99, 110 (1945)).

Generally, the Court must apply the forum state's choice of law principles. Id. It is well

settled that when an action is transferred from one district to another under 28 U.S.C. § 1404(a) the transferee court applies the laws of the forum in which the action was originally filed. See, Van Dusen v. Barrack, 376 U.S. 612, 637-39 (1964) ("A change in venue under § 1404(a) generally should be, with respect to state law, but a change in courtrooms.")  In this instance, the parties stipulated to transfer of the case to this District from the Southern District of New York pursuant to 28 U.S.C. § 1404. (See, Stipulation to Transfer Venue, May 10, 2011, ECF No. 8).

"New York courts treat statutes of limitations as part of the forum's procedure, and therefore apply New York statutes of limitations even if the underlying claim ultimately will be governed by the substantive law of another jurisdiction." Architectronics, Inc. v. Control Sys., Inc., 935 F.Supp. 425, 431 (S.D.N.Y. 1996) (citing Sun Oil Co. v. Wortman, 486 U.S. 717, 722-29 (1988)). Defendants now attempt to argue that pursuant to REA's "Terms and Conditions of Sale," the claims in Plaintiffs underlying Complaint should never have been brought in New York and should only have been brought in either the Superior Court of New Jersey, Somerset County, or in the United States District Court for the District of New Jersey. (Def. Opp. Br. 4-8). The position stands in direct contrast to the position argued extensively by Defendants for the application of the New York statute of limitations as to the Amended Complaint. (See, Defendants' Aug. 15, 2011 Brief in Support of Their Motion to Dismiss the Amended Complaint, ECF No. 23, 3, 8-17; Defendants' Oct. 3, 2011 Reply, ECF No. 31, 1). Defendants are judicially estopped from advancing the reverse position simply because their interests have now changed. See, e.g., Taylor v. American Home Mortgage Servicing, Inc., 2012 WL 2076560 (N.J. Super., App. Div. 2012). Therefore, New York laws are appropriate in this matter for statute of limitations purposes.

-5-

**Count I:  Tortious Interference**

Plaintiff seeks dismissal of Count I as being time barred.  New York law provides that a claim for tortious interference of contract is subject to a three year statute of limitations. (N.Y.C.P.L.R. § 214(4) (McKinney 1993)). See also, Rosemeier v. Schenker International, Inc., 895 F.Supp 65, 66 (S.D.N.Y. 1995).(citing Mannix Industries, Inc. v. Antonucci, 191 A.D.2d 482, 483, 594 N.Y.S.2d 327, 329 (2d Dep't), appeal dismissed without opinion, 82 N.Y.2d 846, 606 N.Y.S.2d 597, 627 N.E.2d 519 (1993); Kartiganer Assoc., P.C. v. New Windsor, 108 A.D.2d 898, 899, 485 N.Y.S.2d 782, 784 (2d Dep't), appeal dismissed, 65 N.Y.2d 925 (1985). The cause of action accrues at the time the injury is sustained, rather than the date of defendant's alleged wrongful act or the date of discovery of the injury by the plaintiff. Id.

Here, the alleged tortious interference of contract occurred when the Plaintiff was alleged to have placed "shill bids" on memorabilia auctioned by the Defendant. (Counterclaim, ECF No. 35, 27).  These bids were placed during REA's 2004 auction. (Counterclaim, ECF No. 35, 27). Injury was sustained by Defendant REA when the Plaintiff allegedly violated the terms of REA's auction. (Counterclaim, ECF No. 35, 27-28).  For the claim of tortious interference to have been timely brought before this Court, it must have been filed within three years of the alleged injury. Defendants' counterclaim was filed on April 30, 2012, approximately eight years after the injury was sustained.  Accordingly, Count I is dismissed.

**Count II:  Trade Libel**

Plaintiff also seeks dismissal of Count II as being time barred. Plaintiff contends that Defendants have improperly characterized Count II as a trade libel cause of action, when in actuality, it is a defamation claim.

Injurious falsehood, which is also referred to as "trade libel" or "product disparagement" and other variations thereof is a tort separate and distinct from the tort of defamation. See, Hennenberry v. Sumitomo Corp. of America, 415 F.Supp.2d 423, 470 (S.D.N.Y. 2006). Injurious falsehood or trade libel lies where the statement is confined to denigrating the quality of the plaintiff business's good or service. See, Ruder & Finn v. Seaboard Sur. Co.,52 N.Y.2d 663, 670-71 (1981).; Fashion Boutique of Short Hills, Inc. V. Fendi USA, Inc., 314 F.3d 48, 59 (2d Cir. 2002) (to recover for disparagement of goods, the plaintiff must show that the defendant published an oral defamatory statement directed at the quality of a business's goods).

In contrast, a claim for defamation lies where the statement impugns the basic integriy or creditworthiness of a business. Henneberry, 415 F.Supp.2d at 470-71. Put differently, defamation is defined in terms of injury to or damage to reputation and not in terms of the manner in which the injury is accomplished. See, Kasada, Inc. v. Access Capital, Inc., 2004 WL 2903776 (S.D.N.Y. 2004). "[T]prt claims are construed as defamation claims not just when they 'seek damages only for injury to reputation, but also where the entire injury complained of by the plaintiff flows from the effect on his reputation.'" Chao v. Mount Sinai Hosp., 2010 WL 5222118, at *11 (S.D.N.Y. 2010) (citing and quoting Jain v. Securities Indus. and Fin. Markets Assocs., 2009 WL 3166684, at *9 (S.D.N.Y. 2009).

Count II is based on a May, 6, 2010 posting made by Shanus on the message board for the website Net54baseball.com. Defendants claim that Plaintiff's posted comments "improperly impugned the established reputation of REA and Lifson in the sports memorabilia industry for honesty, fairness and integrity in conducting REA's online auctions and falsely cast the results of REA's auctions in a negative light." (Counterclaim, ECF No. 35, 30).  The statute of limitations

for a cause of action to recover damages for defamation is one year. (N.Y.C.P.L.R. § 215(3)).

The plain language of Count II, seeking redress for injury to reputation and any resulting

damages, is a claim for defamation, much like the dismissed claim <u>Chao</u>. As Plaintiff properly

argues, his commentary that "the particular pieces offered by REA were in exceptionally good

condition for the issue," did not take aim at the quality of REA's products or services. (Pl. Mot.

Br. 13). The accrual of a cause of action for defamation occurs upon the publication of the

offending material, which has been repeatedly defined as the date upon which the offending

material became generally available to the public. (<u>See</u>, <u>EB v. Liberation Publications, Inc.</u>, 7

A.D. 3d 566. (citations omitted). The one-year statute of limitations cannot be circumvented by

labeling a claim as one for trade libel or some other tort. See, Riddell Sprts, Inc.v. Brooks, 872

F.Supp. 73, 76 (S.D.N.Y. 1995) ("This Court finds the one-year limitations period applicable

despite the labels which the counterplaintiffs apply to their claims [citations omitted]....if an

action is one solely or primarily claiming injury to reputation, it is in the nature of a defamation

action for the purposes of the applicable statute of limitation . . ."). Here, the alleged defamatory

comments were published on May 6, 2010; Defendants' Counterclaims were filed April 30,

2012. Two years and eleven months have accrued since the publication of the offending

material. Accordingly, Count II is dismissed for being time barred.

IV.   <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's Motion to Dismiss is **granted**.  An appropriate

Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:        January 29 2013
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File

-9-