Allen L. Harris
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Phone: (973) 379-4800
Fax: (973) 379-7734
Email: aharris@buddlarner.com

-and-

Tab K. Rosenfeld
Rosenfeld & Kaplan, LLP
1180 Avenue of the Americas
Suite 1920
New York, New York 10036
Phone: (212) 682-1400
Fax: (212) 682-1100
Email: tab@rosenfeldlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COREY SHANUS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>R.L. AMERICANA, LLC f/k/a ROBERT EDWARD AUCTIONS, LLC and ROBERT LIFSON,<br><br>　　　　　　Defendants. | Case No. 2:11-cv-02839-KM-SCM<br><br>Hon. Kevin McNulty, U.S.D.J.<br>Hon. Steven M. Mannion, U.S.M.J.<br><br>**ORDER TO SEAL** |

THIS MATTER having been opened to the Court by plaintiff Corey R. Shanus, through his co-counsel Budd Larner, P.C., on a Motion to Seal Materials Pursuant to L.Civ.R. 5.3(c), and the Court having considered the papers submitted in connection with the motion; and for good cause shown;

IT IS on this **25th** day of **May**, **2017**, ORDERED that:

1. Plaintiff's motion is hereby granted:

2. The following materials are hereby sealed in their entirety:

(a) Declaration of Tab K. Rosenfeld in Support of Plaintiff's Motion for Summary Judgment [Doc. 153-2]; Exhibits A through MM to the Declaration of Tab K. Rosenfeld in Support of Plaintiff's Motion for Summary Judgment [Doc. 153-2 through 32]; Declaration of Corey R. Shanus in Support of Plaintiff's Motion for Summary Judgment [Doc. 153-33]; Plaintiff's Statement of Material Facts Not in Dispute [Doc.153-1]; and Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment [Doc. 153];

(b) Declaration of Tab K. Rosenfeld in Support of Plaintiff's Motion In Limine to Preclude the Testimony and Reports of Defendants' Proposed Experts [Doc. No. 155-1]; Exhibits A through G to the Declaration of Tab K. Rosenfeld in Support of Plaintiff's Motion In Limine to Preclude the Testimony and Reports of Defendants' Proposed Experts [Doc. No. 155-1-2]; Memorandum of Law in Support of Plaintiff's Motion In Limine to Preclude the Testimony and Reports of Defendants' Proposed Experts [Doc. 155].

3. Pursuant to L.Civ.R. 5.3(c)(5), the Court makes the following findings of fact and conclusions of law:

**Findings of Fact**

i.      The vast majority of the materials that plaintiff seeks to seal have been designated as "Confidential" or "Attorneys' Eyes Only." Those materials include, for example, expert reports containing confidential and proprietary information, and deposition testimony of the parties and third parties containing confidential, proprietary and personal information.

ii. Much of this information is highly sensitive business or personal information that, if disclosed, could cause harm to the parties.

iii. No party has challenged any of the "Confidential" or "Attorneys' Eyes Only" designations in the manner set forth in the Discovery Confidentiality Order.

iv. The parties have a strong interest in sealing the documents, which have all been designated without challenge as "Confidential" or "Attorneys' Eyes Only."

v. Plaintiff is often engaged in competitive bidding at auctions. Disclosure of, for example, his personal financial information and his potential bidding strategies could place him at a competitive disadvantage.

vi. The public has little or no interest in these materials. This is a private dispute. There are no serious concerns of public health and safety that would be furthered by disclosure of the materials, and sealing the documents would not shield from public scrutiny any information that would serve to protect the public health and safety. Moreover, the materials are not subject to freedom of information laws requiring disclosure of public documents.

### Conclusions of Law

i. In considering a motion to seal, the court must balance the potential injury to the beneficiary of closure against the value of the information in the hands of the public. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994). Here, the parties have a strong interest in sealing the documents, which have all been designated without challenge as "Confidential" or "Attorneys' Eyes Only."

ii. "Courts generally protect materials containing 'trade secrets or other confidential research, development, or commercial information' to prevent harm to a litigant's standing in the marketplace." Mars, Inc. v. JCM Am. Corp., 2007 U.S. Dist. LEXIS 9819, *5 (D.N.J. Feb. 13,

2007) (citation omitted).

    iii. With respect to the materials marked "Confidential" or "Attorneys' Eyes Only" by plaintiff, and with respect to the deposition testimony that is so labeled, denial of the motion to seal could result in serious injury to plaintiff's business and privacy interests.

*/s/ The Honorable Steven C. Mannion, USMJ*
*11 cv 2839*

01078985